# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-60495
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2025

Lyle W. Cayce
Clerk

Faviola Angelica Gonzalez-Buendia,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A097 398 014

_____

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

Faviola Angelica Gonzalez-Buendia, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from an order of an Immigration Judge denying her request for cancellation of removal and ordering her removed. One who seeks cancellation of removal must show, inter alia, that her removal from the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60495

United States "would result in exceptional and extremely unusual hardship to" a qualifying relative, including a child or parent who is a United States citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(1)(D); *Wilkinson v. Garland*, 601 U.S. 209, 215 (2024). Although we lack jurisdiction to consider the factual findings underlying a decision on cancellation, we may undertake a deferential review of the question whether an established set of facts satisfies the legal standard of exceptional and extremely unusual hardship. *Id.* at 216-17, 225.

This deferential review shows no error in connection with the challenged decision. *See id.* Gonzalez-Buendia's evidence establishes that her qualifying relatives would experience only typical emotional hardships, not extreme ones, upon her removal. *See id.* at 215; *see also Cuenca-Arroyo v. Garland,* 123 F.4th 781, 784-85 (5th Cir. 2024). She has not shown that her son cannot receive adequate medical care in Mexico or that he has special educational needs that cannot be met there. *See Matter of J-J-G-*, 27 I. & N. Dec. 808, 811 (BIA 2020); *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (BIA 2001); *see also Parada-Orellana v. Garland*, 21 F.4th 887, 895 (5th Cir. 2022).

Her argument that the agency failed to consider her evidence in the aggregate is rebutted by the record, which shows that her arguments and evidence were given the attention they warranted. *See L.N. v. Garland*, 109 F.4th 389, 396 (5th Cir. 2024). Finally, her due process arguments are unavailing because she has no due process rights with respect to the discretionary remedy of cancellation. *Santos-Zacaria v. Garland*, 598 U.S. 411, 426 (2023); *Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019). The petition for review is DENIED.